UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:06-cv-729-ORL-19DAB

DUSTIN RODRIGUEZ, on his own
behalf and others similarly situated,

    Plaintiff,

v.

CASTLE GROUP, LLC., a Florida
Limited Liability Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, DUSTIN RODRIGUEZ ("Plaintiff"), was an employee of Defendant, CASTLE GROUP, LLC. ("CASTLE GROUP" or "Defendant"), a Florida Limited Liability Corporation, and brings this action for unpaid overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks the recovery of unpaid wages under Florida state law. Plaintiff was a laborer and performed related activities for Defendant in, among others, Seminole County, Florida.

2. Defendant, CASTLE GROUP, is a Florida Limited Liability corporation that operates and conducts business in, among others, Seminole County, Florida, and is therefore, within the jurisdiction of the Court.

3. This action is brought under the FLSA to recover from Defendant, overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs. Additionally, Plaintiff seeks the recovery of unpaid wages under Florida state law.

This action is intended to include each and every laborer who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, for all hours worked in excess of forty (40) within a work week and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

7. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, nor was he paid a minimum wage of $5.15 for all hours worked during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated to him, are in the possession and custody of Defendant.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

2

10. Plaintiff, and those similarly situated to him, are/were entitled to receive proper payment of time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, worked overtime hours but were not properly compensated for same.

11. As a result of Defendant's intentional, willful and unlawful acts by refusing to properly pay Plaintiff, and those similarly situated to him, their regular rate of pay for each hour worked in one or more weeks of employment with Defendant, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

12. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated to him, demand judgment against Defendant for payment of the proper regular rate of pay for all hours worked for Defendant for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

15. Plaintiff, and those similarly situated to him, were entitled to be paid minimum wage for each hour they worked during their employment with Defendant.

16. Plaintiff's employment with Defendant terminated in approximately February 2006. Since that time, Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate him for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

17. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

18. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF UNPAID WAGES (STATE LAW)

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

21. Plaintiff, and those similarly situated to him, worked one or more weeks for Defendant and did not receive any compensation, whatsoever. Defendant, therefore, wrongfully deprived Plaintiff of wages to which he was lawfully entitled.

22. Plaintiff, and those similarly situated to him, have been damaged as a result of Defendant's failure to pay them the agreed upon wages to which they were entitled.

23. Pursuant to Section 448.08, Florida Statutes, Plaintiff, and all those similarly situated to him, are entitled to the costs of this action and a reasonable attorneys' fee.

WHEREFORE, Plaintiff, and all those similarly situated employees, demand judgment against Defendant for the unpaid wages found to be due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

DATED this 18th, day of May 2006.

Richard Celler, of Counsel
FL Bar No.: 0173370
MORGAN & MORGAN, P.A.
284 South University Drive
Fort Lauderdale, Fl. 33324
Tel: 877-435-9243
Fax: 954-333-3515
E-mail: Richard@cellerlegal.com