# SETTLEMENT AGREEMENT AND
# FULL AND FINAL RELEASE OF ALL CLAIMS

1.  This Agreement covers all understandings between Dustin Rodriguez (hereinafter referred to as "Plaintiff") and Castle Group, LLC (hereinafter referred to as "Defendant," a term which includes its parent corporations, subsidiaries, partners, insurers, any affiliated and predecessor companies, all of the successors and assigns of the foregoing, and the present and former officers, directors, shareholders, partners, employees, attorneys, representatives and agents of them, any persons acting by, through, under or in concert with them, in their official and individual capacities.).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, **Plaintiff** agrees as follows:

    A.  To settle any and all claims and actions of any nature whatsoever between **Plaintiff** and **Defendant** and release and forever discharge **Defendant** of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause of thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from **Plaintiff's** previous employment or separation from employment with **Defendant**, or related to the transactions or matters which are the subject matter of the lawsuit captioned Rodriguez v. Castle Group, LLC, Case No. 6:06-cv-729-Orl-19DAB (hereafter "the lawsuit") including, without limitation, any claims arising from any alleged violation of any and all federal, state, or local laws, and any claims arising under any contract, tort or equitable theory of recovery including, but not limited to, claims pursuant to the Fair Labor Standards Act, the Minimum Wage Amendment to the Florida Constitution, or any other unpaid wage claim.

    B.  To voluntarily dismiss the lawsuit, with prejudice. **Plaintiff** will notify the Court in seeking dismissal of the lawsuit that this matter has not been compromised, but rather **Plaintiff** has recovered all monies alleged to be owed.

_____
Plaintiff' Initials

Settlement Agreement and Full and Final
Release of All Claims

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by **Defendant** of any violation of any of **Plaintiff's** rights or of any duty owed by **Defendant** to **Plaintiff**.

D. Not to undertake any disparaging conduct directed at **Defendant** and to refrain from making any negative or derogatory statements concerning **Defendant**.

E. Not to disclose the contents of this Agreement to anyone except his spouse, the attorneys representing **Plaintiff** in this matter, any tax professional for purposes of tax advice regarding this agreement, and as compelled by force of law.

F. Not to testify for, appear on behalf of, or otherwise assist in any way any individual, company, or agency in any claim against **Defendant**, except, unless, and only pursuant to a lawful subpoena issued to **Plaintiff**.

G. That the below-referenced amount paid by **Defendant** represents a sum to which **Plaintiff** would not be entitled absent this Agreement.

H. That **Plaintiff** is solely and entirely responsible for the payment of any and all taxes, if any, which may be found to be due on the amount paid hereunder, and to hold **Defendant** harmless against any claim for such taxes or related penalties or interest.

3. For and in consideration for the promises made by **Plaintiff** in Paragraph 2 of this Agreement, **Defendant** agrees as follows:

A. To pay **Plaintiff** the sum of $3,250.00 within five (5) days of the entry of an Order dismissing the lawsuit with prejudice. Payment shall be made to "Celler Legal Group, Trust Account."

B. To pay mediator Chris Shulman's full fee for services provided on November 27, 2006.

4. This Agreement shall be governed by the laws of the State of Florida. The parties agree that this Agreement may be enforced by a Florida court of competent jurisdiction. In the event that **Plaintiff** or **Defendant** commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

_DR_
Plaintiff' Initials

Settlement Agreement and Full and Final
Release of All Claims

5. **Plaintiff** and **Defendant** agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney.

6. In the event that any portion of this Agreement is found to be unenforceable, the remaining portions of the Agreement will remain in full force and effect.

7. This Agreement supersedes all prior agreements and understandings between **Defendant** and **Plaintiff**. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both **Plaintiff** and an authorized representative of **Defendant**.

8. **Plaintiff** is hereby advised and encouraged to consult with an attorney before signing this Agreement. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this agreement, **Plaintiff** agrees that this Agreement shall be construed as jointly prepared, so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

_____
Plaintiff

_____
For Defendant

Date: _11-27-06_____, 2006

Date: _11/27/06_____, 2006

_____
Plaintiff' Initials

3