**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DUSTIN RODRIGUEZ,**

        **Plaintiff,**

**-vs-**                                     **Case No. 6:06-cv-729-Orl-19DAB**

**CASTLE GROUP, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge of the parties; Joint Motion to Approve Settlement Agreement and to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 26)**
>
> **FILED:**   **January 15, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on January 24, 2007 with counsel for both parties appearing telephonically.

Based on the representations of counsel, Plaintiff was employed by Defendants in construction as a framer. Defendant Castle Group's status as a statutory employer was disputed by both sides, with Plaintiff seeking approximately $6,300 for alleged overtime worked and unpaid wages from Castle Group. However, Plaintiff learned during the course of discovery that a separate corporation, Knock-Out Construction was potentially the primary employer and Plaintiff settled with Castle Group, while preserving his right to pursue claims against Knock-Out Construction in separate litigation. The settlement to Plaintiff of $1,000 for unpaid wages and liquidated damages represents a fair settlement given these circumstances as explained by Plaintiff's counsel.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,250 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff accruing roughly 20 hours in the process, and significantly discounted their fees in order to settle the case. Thus, the fees and costs are not unreasonable under the circumstances of this case.

Settlement in the amount of $1,000 to Plaintiff for unpaid wages and liquidated damages, and $2,250 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues and judgment be entered accordingly. Upon acceptance of this Report and recommendation, the case should be removed from the trial docket, and the matter should be closed by the Clerk.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record